NO. 07-03-0494-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 5, 2004



______________________________




IN RE DELLA MAE FARRELL



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On December 29, 2003, relator, Della Mae Farrell, filed a Motion for Voluntary
Dismissal pursuant to agreement of the parties and in accordance with Tex. R. App. P.
42.1(a)(1). The motion includes a certificate of conference and a certificate of service that
counsel for all parties was served a copy of the motion by first class mail on December 29,
2003. No response to the motion has been received. 

 Accordingly, without passing on the merits of the case, appellant's Motion for
Voluntary Dismissal is granted and the Petition for Writ of Mandamus is hereby dismissed. 
Tex. R. App. P. 42.1(a)(1). 

 All costs are assessed to the relator. Having dismissed the Petition for Writ of
Mandamus at the relator's request and the parties not having opposed such request, no
motion for rehearing will be entertained. 


 Phil Johnson

 Chief Justice





if">_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74,777-D; HON. RICHARD DAMBOLD, PRESIDING
_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Joann McKinney appeals the denial of a motion for new trial wherein her parental
rights were terminated. We dismiss for lack of jurisdiction.
          On June 27, 2008, the trial court signed an order terminating McKinney’s parental
rights to T.A.M., J.A.M. and S.M.M. On July 24, 2008, McKinney filed a motion for new
trial, and a hearing on the motion was convened in August of 2008. Yet, because the trial
court determined that it needed to recuse itself, it recessed the proceeding. On October
7, 2008, a new judge was appointed to preside over the matter but did not act upon the
motion by written order. It was not until January 2, 2009, that McKinney filed her notice of
appeal. Her statement of points on appeal was filed on January 16, 2009. 
           Given that termination of parental rights was involved, the appeal was accelerated. 
Tex. Fam. Code Ann. §109.002(a) (Vernon 2008). So, anyone seeking a new trial was
obligated to request one no later than the 15th day after the date the final order was signed,
i.e. July 11, 2008. Id. §263.405(b). Nonetheless, a motion for new trial, even if timely filed,
would not extend the deadline for filing a notice of appeal. Id. §263.405(c). Consequently,
McKinney’s notice of appeal was due to be filed on or before 20 days after the day the trial
court executed the termination order, i.e. on July 16, 2008. Tex. R. App. P. 26.1(b). 
Because it was not filed until January of 2009, we have no jurisdiction over the proceeding
and must dismiss it. 
          The appeal is dismissed for lack of jurisdiction.
 
                                                                           Brian Quinn
                                                                          Chief Justice